MARGARET WHITE *v.* THE STATE.

**Criminal Law — Instructions.**

It is not error to refuse an instruction asked by the defendant in a criminal trial if other instructions given, in effect, announce the same law.[1]

**Same — Verdict — Sufficiency of Evidence.**

While questions of facts are delicate subjects on which to exercise the revisory power of this court, a verdict will be set aside when the evidence only raises a suspicion of the guilt of the defendant.[2]

---

[1]

An instruction for the State which is erroneous, when taken alone, will not cause a reversal when the instructions given for defendant give him the benefit of the principles of law he is entitled to. Rosamond *v.* State, 1 Miss. Dec. 122, and cases cited in note 2.

Statement of the Case.

Margaret White was tried and convicted of an attempt to commit arson, in the Circuit Court of Monroe county, in the burning of a dwelling house of a Mr. Dalrymple. She was sentenced to the penitentiary for three years, and appeals.

On the trial Mr. Dalrymple testified that some time in July, one night, a short time after supper, a servant girl came into his room and told him that there was fire in the house; that he went into a room in the southwestern corner of the house, and found

A verdict which is manifestly right will not be disturbed because an instruction given for the State is inaccurately drawn, when an instruction given for the defendant correctly states the same propositions of law. Turnage *v.* State, 1 Miss. Dec. 532, and cases cited in note 1.

2

On a trial for carrying concealed a deadly weapon, though the defense of an apprehended attack is not proved, yet if there is a reasonable doubt of defendant's guilt, or a probability of his innocence, he must be acquitted. Strother *v.* State, 74 Miss. 447; 21 So. 147.

Where the State has made out its case beyond a reasonable doubt *prima facie*, defendant is bound only to raise a reasonable doubt of his guilt from all the evidence in the case. King *v.* State, 74 Miss. 576; 21 So. 235.

Where the jury entertains a reasonable doubt whether, when the shot was fired, defendant and decedent were scuffling, and whether it was fired accidentally during such scuffle, and without intent to kill, defendant is entitled to acquittal. Johnson *v.* State, 30 So. 39.

On a prosecution for manslaughter, "a reasonable doubt of defendant's guilt, arising out of any part of the evidence," will justify acquittal, and not merely doubt "as to a material fact," arising out of the evidence. Shaw *v.* State, 30 So. 42.

One defending on the ground of insanity need merely raise a reasonable doubt as to his sanity. Caffey *v.* State, 24 So. 315.

In the trial of one indicted for an assault and battery with intent to kill and murder, it is error to permit a witness for the State to testify that he suspected certain persons related to the defendant to have engaged in the commission of the offense. Evans *v.* State, 1 Miss. Dec. 217, and cases cited in note.

A verdict will not be allowed to stand where there is palpable failure of the proof to sustain it. In such cases a new trial will be granted. Campbell *v.* State, 1 Miss. Dec. 413, and cases cited in note.

Manifest error in a verdict is sufficient ground for the reversal of the judgment thereon. Walker *v.* State, 1 Miss. Dec. 431, and cases cited in note.

To warrant a conviction, the evidence must produce a moral certainty of guilt, to the exclusion of any other reasonable hypothesis. This evidence may be wholly circumstantial. James *v.* State, 45 Miss. 572.

And to warant conviction, such evidence need not show it to be impos-

right under a window a small chunk of fire and some coals, which evidently had been there only a few minutes; that he went into a room near by, which was occupied by his cook, in which he found a fire of wood similar to the wood that had been thrown into the room; that some time prior to this the defendant had asked him to advance the wages of her daughter, which he refused; that she then said she would take the girl away; that witness then told her that he had hired her for the year and was going to keep her; that after the fire was discovered he called up all parties who were on the place, and defendant was there, and several others, and defendant seemed to be excited.

Alex Meader testified that he was at Mr. Dalrymple's house while they were at supper, and saw the defendant sitting on the

sible that any other person could have committed the crime. James v. State, 45 Miss. 572.

The following instuction is commended as an admirable statement of the doctrine: "Reasonable doubt is not vague conjecture, nor mere supposition or hypothesis, but it is such doubt as reasonably arises out of the testimony— a doubt for which a reason can be given. Mathematical or demonstrable certainty is not required. While the testimony should be equal to that which controls and decides the conduct of men in the highest and most important affairs of life, all that is required to enable a jury to return a verdict of guilty is, after a comparison and consideration of all the testimony, to believe conscientiously that it establishes the guilt of the defendant as charged." Taylor v. State, 52 Miss. 88.

It is error to instruct that "any hypothesis arising out of the testimony inconsistent with the guilt of the accused," requires an acquittal. The hypothesis must be a reasonable one, sufficient to create a doubt of guilt. Kendrick v. State, 55 Miss. 436.

In case of circumstantial evidence, it is error to instruct that if the hypothesis of guilt consists with all the facts proved, and accounts for their existence, the jury should convict. The supposition of guilt may be consistent with all the facts, and yet the evidence may fall short of that convincing proof of guilt necessary to convict on circumstantial evidence. Pope v. State, 56 Miss. 790.

The failure of the court in an instruction in a criminal case to make clear to the understanding of the jury that indefinable thing, a reasonable doubt, will not work a reversal, where it cannot be said that any wrong was done the accused by the language of the instruction. Fleming v. State, 60 Miss. 435.

An instruction in the following language is erroneous: "You are not required to know that defendant is guilty; but if you conscientiously believe, from all the testimony, he is guilty, you should convict, for then you have no reasonable doubt, and the case is made out to a moral certainty."

steps of the cook's house; that she went into the kitchen, where the cook was, and the defendant came in there, and a short while after that some one came and said there was fire in the house; that, in going from the cook's house to the kitchen, it was very little out of the way to go by the room where the fire was found.

Walter Riggan testified that he was at Mr. Dalrymple's house

Conscientious belief is not necessarily belief beyond a reasonable doubt. July Brown v. State, 72 Miss. 95; 16 So. 202; .Hale v. State, 72 Miss. 140; . 16 So. 387; Burt v. State, 72 Miss. 408; 16 So. 342; Jim Brown v. State, 72 Miss. 997; 17 So. 278.

It is likewise error to instruct that an abiding conviction of the guilt of the defendant, or full satisfaction of· the truth of the charge, is equivalent to the belief of his guilt beyond a reasonable doublt. Williams v. State, 73 Miss. 820; 19 So. 826.

In a criminal case, it is error to refuse an instruction that if there is a probability of the innocence of the defendant, then a reasonable doubt of his guilt exists, and the jury must acquit. Nelms v. State, 58 Miss. 362; Jackson v. State, 66 Miss. 89; 5 So. 690.

And so, where insanity is relied upon by the defense, if the evidence induces, in the minds of the jury, the belief that the defense is probably true, the defendant must be acquitted. Cunningham v. State, 56 Miss. 269; Pollard v. State, 53 Miss. 410.

The accused is not required in any phase of the case to prove his defense to the "satisfaction" of the jury; if, upon a consideration of the whole evidence, there is a reasonable doubt of his guilt, he must be acquitted. Hawthorne v. State, 58 Miss. 778; Smith v. State, 58 Miss. 867; Bishop v. State, 62 Miss. 289.

An instruction as to reasonable doubt, which declares that it must arise out of the evidence, is objectionable, since it may arise from want of evidence. Hale v. State, 72 Miss. 140; 16 So. 387.

One being convicted of assault and battery with intent to kill his wife, on mere evidence of her outcries, indicating that she was being beaten, and of an incriminating answer by some one who was not seen by the witness at the time, together with admissions that he had slapped his wife, and had "whipped her with a board," and proof of small bruises on her person, there being evidence of an aggravated assault, but not adequate proof of an intention to kill, a new trial will be granted. Harris v. State, 71 Miss. 462; 14 So. 266.

There is a reasonable doubt of guilt where there is a probability of innocence. Browning's case, 30 Miss. 656.

On a murder trial and instruction to convict, if, after considering all the evidence, the jury conscientiously believes, beyond a reasonable doubt, that the defendant is guilty, does not in its use of the word "conscientiously" prejudicially qualify the doctrine of reasonable doubt. Moore v. State, 86 Miss. 160; 38 So. 504.

the night the fire was discovered, but had left; that he sat on the steps of the cook's house with the defendant for about ten minutes before he left.

Kitty Wax testified that she was Mr. Dalrymple's cook, and defendant came to her house on the night the fire was found, while they were eating supper, sat down on her steps for a while with Alex Meader, and then came into the kitchen.

Hannah Wax testified that she saw the defendant a few days after the fire, and told her that she was suspected of putting the fire in the house, and she replied: "Well, if I did do it, he will have to prove it, I reckon."

Dennis Wax testified that he went to the house the evening the fire was found, and just before he got there he saw something like fire going across the yard from the cook's house towards Mr. Dalrymple's house.

Defendant's motion for a new trial was overruled, and she appeals.

Appealed from Circuit Court, Monroe county, J. A. Green, Judge.

Reversed and remanded, January 16, 1882.

Attorneys are not named in the record, and no briefs are found.

Opinion.—Cooper, J.:

We are of opinion that no error was committed by the refusal of the fourth instruction asked on the part of the defendant, because, by the second and fifth charges given, the jury was instructed to acquit the accused unless the evidence excluded every reasonable doubt of her guilt. In effect, the fifth charge was the same as the one refused, for if the jury had a reasonable doubt from the evidence that some one other than the prisoner may have committed the offense charged, the same evidence must have raised a reasonable doubt as to the guilt of the accused.

Careful examination of the evidence has failed to convince us that more than a suspicion of the guilt of the accused is shown. The evidence against her is not stronger than it would have been against several of the witnesses for the State if they had been charged with the offense and excluded from the witness stand.

While questions of fact are delicate subjects upon which to exercise the revisory power of the court, yet the existence of the power indicates the necessity of its occasional use, and we are constrained to decide that the evidence was insufficient to warrant a conviction.

*The judgment is reversed* and new trial awarded.